**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**BEDER LOZADA-CYBIDES,**
    **Petitioner,**

vs.                                                 5:06cv3/RS/MD

**JOSE BARRON, JR.,**
    **Respondent.**

___

## REPORT AND RECOMMENDATION

This case is before the court upon a respondent's motion to dismiss § 28 U.S.C. § 2241 petition with incorporated memorandum of law (doc. 11) and petitioner's response thereto. (Doc. 17).

Petitioner states that he pleaded guilty in the United States District Court for the Western District of Tennessee to "engaging in a cocaine conspiracy" and "travel in interstate commerce for the purpose of committing a crime of violence." He was originally sentenced to a term of 360 months imprisonment followed by 5 years of supervised release, although this sentence was modified on October 1, 1999 to 292 months imprisonment after remand by the Sixth Circuit Court of Appeals.[1] He did not appeal after resentencing. Although petitioner indicates on the form that he has not filed a motion pursuant to 28 U.S.C. § 2255, he did file such a motion on December 16, 2002 seeking relief based on "manifest injustice" based on the district court's refusal to credit him for "acceptance of responsibility" in calculating his sentence. The motion was not construed

---

[1] On appeal, petitioner had contended that the district court erred in increasing his sentence for his role in the offense and in not reducing his sentence for acceptance of responsibility. The appellate court found no error in the court's acceptance of responsibility assessment, but remanded for resentencing as to his role in the offense.

as such as the court found that the issue "should have been raised during the appeal or presented in a timely filed 2255 motion." (Doc. 11, attachment 1, dkt. entry 391, 392).

In the instant § 2241 petition, petitioner claims that his sentence is illegal because it exceeds the otherwise legally authorized sentence for the offenses of conviction to which he pleaded guilty. He indicates that he seeks to preserve this claim for possible future review in the event that *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) is made retroactively applicable to cases on collateral review. In such event, he asks that his sentence be vacated and he be resentenced.

A petition pursuant to title 28 U.S.C. § 2241 is not the proper vehicle for raising a challenge to the constitutionality of a sentence. The continuation of an initially valid confinement is generally the sole issue in a §2241 action. See *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir.1997) (articulating instances where a federal prisoner may properly file a § 2241 petition). A collateral attack on the validity of a federal conviction and sentence, such as this, is more properly brought under 28 U.S.C. § 2255 in the district of conviction. *United States v. Jordan,* 915 F.2d 622, 629 (11th Cir. 1990), *cert. denied*, 499 U.S. 979, 111 S. Ct. 1629, 113 L.Ed.2d 725 (1991); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hadjuk v. United States*, 764 F.2d 795 (11th Cir. 1985).

Section 2255 provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section[2], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

*Wofford v. Scott*, 177 F.3d 1236, 1238 (11th Cir. 1999) (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause," and could allow

---

2 Section 2255 authorizes a remedy for a prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255; *see also*, *United States v. Brown*, 117 F.3d 471, 475 (11th Cir.1997) (because defendant was in custody, "§ 2255 was his exclusive remedy.")

habeas corpus review of a claim barred as successive or untimely under § 2255, but only in limited circumstances.

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford*, 177 F.3d 1236, 1244 (11th Cir. 1999); *Darby v. Hawk-Sawyer*, 405 F.3d. 942, 945 (11th Cir. 2005); see also *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Petitioner's assertion that he is actually innocent of the sentence imposed and that the savings clause must therefore apply does not meet the criteria set forth in *Wofford*. The Eleventh Circuit and other circuits have held, and petitioner does not appear to contest, that *Booker* is not retroactively applicable on collateral review. *Varela v. United States*, 400 F.3d 864, 866-868 (11th Cir.), cert. denied, 126 S.Ct. 312, 163 L.Ed.2d 269 (2005); see also *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005) (holding that only the Supreme Court can make a new rule retroactive on collateral review, and that it must do so explicitly); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) ("Booker may not be applied retroactively to second or successive habeas petitions."); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.) ("[W]e conclude that Booker's rule does not apply retroactively in collateral proceedings...."), cert. denied 126 S.Ct. 199 (2005); *Green v. United States*, 397 F.3d 101, 103 (2nd Cir. 2005) (per curiam) ("[N]either *Booker* nor *Blakely [v. Washington*, 542 U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004),] apply retroactively to Green's collateral challenge."); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.) ("*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."), cert. denied, 125 S.Ct. 2559, 162 L.Ed.2d 285 (2005); *Cirilo-Munoz v. United States*, 404 F.3d 527, 533 (1st Cir. 2005) (it is unlikely that the Supreme Court will adopt a retroactivity analysis that opens up to required reexamination practically all of the federal

sentences imposed since the guidelines went into effect in 1987).  His desire to "preserve" his claim in the event it does become retroactively applicable is not properly before this court.  Petitioner requests, as an alternative to dismissal, that this court transfer his case to either the district court of conviction or the Sixth Circuit Court of Appeals in order to preserve his date of filing, December 29, 2005.  Petitioner argues that this is necessary in the event that *Booker* ultimately is deemed to be retroactive, because the one-year limitation period for filing a motion to vacate based on a right that was newly recognized by the Supreme Court runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made, or recognized as, retroactively applicable.  *Dodd v. United States*, 545 U.S. 353, 125 S.Ct. 2478, 2482, 162 L.Ed.2d 343 (2005).  However, because no court has yet held that *Booker* is retroactively applicable, such a transfer would have no meaningful effect, and therefore is not warranted.

      Accordingly it is respectfully RECOMMENDED:

      That respondent's motion to dismiss the 28 U.S.C. § 2241 petition (doc. 11) be granted and the petition for writ of habeas corpus be denied.

      At Pensacola, Florida this 8\(^{th}\) day of June, 2006.


      /s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**

*Case No: 5:06cv3/RS/MD*

## **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**